USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/14/2020

LAW OFFICES
**MARK SCHERZER**
49 NASSAU STREET, FOURTH FLOOR
NEW YORK, NEW YORK  10038

**MEMO ENDORSED**

MARK SCHERZER
_____

A. CHRISTOPHER WIEBER

TELEPHONE: 212.406.9606
TELECOPIER: 212.964.6903
mark.scherzer@verizon.net

October 13, 2020

**BY ECF Filing**

Hon. Valerie E. Caproni
U.S. District Court, Southern District of New York
40 Centre Street, Courtroom 443
New York, NY 10007

**RE:  Kissel v. Scott O. Kissel PC Health Plan and United Healthcare Ins. Co.
20 CIV 5861  (VEC)**

Dear Judge Caproni:

     I represent plaintiff, Ilan Kissel, in the above action, and write jointly with Jovana Vujovic, Esq., Counsel at Robinson & Cole LLP, who represent defendant United Healthcare Insurance Company ("United"), with respect to the initial pretrial conference.  The other named defendant, the Scott O. Kissel P.C., Health Plan, while it has been served as a defendant (in order to conform to Second Circuit case law that the ERISA employee welfare benefit plan is a necessary party), is a nominal party and is expected to default or be dismissed by stipulation of the other parties. The health plan is fully insured by defendant United.

     The parties do not believe a Rule 16 initial conference to be necessary and respectfully request that the proposed Scheduling Order submitted herewith be so ordered by the Court.

     (1) **a brief description of the case, including the factual and legal bases for the claim(s) and defense(s)**:

     **Plaintiff's contentions**:  Plaintiff is a 23 year old man who received treatment in a "transitional program" which included both individual therapy sessions and wrap-around services and supervision to integrate him back into living independently in the community. United initially denied coverage for the treatment on the grounds that plaintiff had received "inpatient" treatment (i.e. confined, with 24 hour supervision), a level of treatment which United deemed not medically necessary. Although United maintained that position through internal appeals and external review, when plaintiff approached United prior to initiating litigation and showed that his care was transitional, rather than inpatient, United reconsidered and determined that the level of care he received was medically necessary.  United only paid, however, approximately $25,000.00 of a bill that exceeded $57,000.00, claiming that it had paid a rate negotiated with the facility where plaintiff was treated.

Hon. Valerie E. Caproni *Law Office of Mark Scherzer*
October 13, 2020
Page 2

Plaintiff maintains in this action that there was no negotiated rate with the facility and that United, which appeared to have computed its benefit payment based solely on the number of individual therapy sessions plaintiff received, acted improperly in recognizing the medical necessity of transitional care but not paying the full bill, which included ancillary supervision and services, and in lying about the existence of a negotiated rate with the facility which never occurred.

**Defendant's contentions:**

The Plan contains a full grant of discretionary authority to United authorizing it to make all eligibility and benefit claim determinations under the Plan. Therefore, United's benefit determination regarding the amount payable to Plaintiff under the terms of the Plan may only be overturned if it is "without reason, unsupported by substantial evidence or erroneous as a matter of law." *Kinstler v. First Reliance Standard Life Insurance Co.*, 181 F.3d 243, 249 (2d Cir. 1999). Here, United's determination regarding the amount payable to Plaintiff with respect to the claims at issue was based on substantial evidence in the record, including the terms of the Plan, and should not be disturbed. Moreover, United's determination was *de novo* correct because Plaintiff cannot satisfy his burden to demonstrate by a preponderance of the evidence in the administrative record that he was entitled to receive additional payments under the Plan for the services at issue. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 441 (2d Cir. 2006).

In addition, Plaintiff cannot prevail on his Second Cause of Action for Interest on Health Claims Under New York Insurance Law §3224-a (the "Prompt Pay Law") because his state law claim is expressly preempted by ERISA §514(a), which preempts state law claims in both state and federal court to the extent these claims "relate to any employee benefit plan" covered by the ERISA statute. ERISA §514(a), 29 U.S.C. §1144(a); *Michael E. Jones M.D., P.C. v. UnitedHealth Grp., Inc.*, No. 19-CV-7972 (VEC), 2020 WL 4895675, at *6 (S.D.N.Y. Aug. 19, 2020). In addition, New York's Prompt Pay Law only requires insurers to pay *undisputed* claims within 30 days after receipt of an electronic submission or within 45 days after receipt by other means (*see* N.Y. Ins. L. §3224-a(a)), and here, as Plaintiff recognizes in his Complaint, the claims at issue are and were disputed by United. (Compl., ¶21).

Finally, while United's dual role as claims administrator and insurer creates a "structural conflict of interest" that must be considered by a reviewing court under the Supreme Court's ruling in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), that conflict of interest does not change the standard of review. *Id.* at 116-117. In *Hobson v. Metro. Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009), the Second Circuit refused to give any weight to the administrator's structural conflict of interest unless the plaintiff could demonstrate that the conflict "influenced [the administrator's] reasonable interpretation of [Plaintiff's] claim for benefits." Thus, the "structural conflict of interest" issue should do little to diminish the significant deference to be afforded by the Court when reviewing this case.

Hon. Valerie E. Caproni
October 13, 2020
Page 2

*Law Office of Mark Scherzer*

(2) **contemplated motions**:  Both parties anticipate making dispositive motions for summary judgment after a brief discovery period.  Defendant will object to discovery outside the contents of the administrative record.  If the parties cannot resolve their views on discovery they will seek a conference with the Court.

(3) **the basis for subject matter jurisdiction**:  The benefits at issue are provided to Ilan Kissel as a dependant of his father, Scott O. Kissel, who is employed by Scott O. Kissel, P.C., and whose family is covered under the Scott O. Kissel P.C. Health Plan.  As an employee benefit plan, the case is governed by the Employee Retirement Income Security Act of 1974("ERISA"), as amended, 29 U.S.C. § 1000 *et seq,* and the Court has subject matter jurisdiction as a result.

(4) **the prospect for settlement.** The parties have consulted and are optimistic that direct discussions between counsel will be productive toward settlement, without need to resort to formal mediation.

If upon reading this letter the Court wishes to proceed with the scheduled initial conference, both counsel stand ready.

Very truly yours,

*Mark Scherzer*

Mark Scherzer
Attorney for Plaintiff

/s/Jovana Vujovic
Jovana Vujovic
ROBINSON & COLE LLP
Attorneys for Defendant

---

The conference scheduled for Friday, October 16, 2020 is hereby adjourned to **Friday, January 15, 2021, at 10:00 A.M.**

All parties and any interested members of the public must attend by dialing 1-888-363-4749, using the access code 3121171, and the security code 5861. All attendees are advised to mute their phones when not speaking and to self-identify each time they speak.

SO ORDERED.

*Valerie Caproni*        Date: October 14, 2020

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE